IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARRELL HALL                                                                                      PLAINTIFF

vs.                                            Civil No. 4:15-cv-04012

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration


### MEMORANDUM OPINION

Darrell Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on July 13, 2011 and SSI on July 19, 2011. (Tr. 13, 144-153).  Plaintiff alleged he was disabled due to heart problems, high blood pressure, arm, leg, and knee problems, and depression.  (Tr. 170).  Plaintiff alleged an onset date of August 20,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

2010.  (Tr. 13, 170).  These applications were denied initially and again upon reconsideration.  (Tr. 13).  Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.  (Tr. 110).

Plaintiff's administrative hearing was held on June 4, 2013.  (Tr. 53-83).  Plaintiff was present and represented by counsel, Michael Angel, at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had an eighth grade education.  (Tr. 56).

On September 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 13-30).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2011.  (Tr. 15, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 20, 2010.  (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the severe impairments of coronary artery disease (CAD) status/post coronary artery bypass, hypertension, osteoarthritis of the hands, obesity, depression, and intermittent explosive disorder.  (Tr. 15, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 23-28).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC sedentary work, except he cannot engage in prolonged walking for more than 10 minutes at a time; can only frequently (not constantly) use his hands for repetitive tasks; cannot be exposed

to dust, fumes, or volatile chemicals; and is limited to one- or two-step job instructions and to only incidental contact with the public. (Tr. 23, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 29, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as table worker with 160 such jobs in Arkansas and 100,000 such jobs in the nation, final assembler with 500 such jobs in Arkansas and 28,000 such jobs in the nation, and eyeglass frame polisher with 650 such jobs in Arkansas and 80,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 20, 2010, through the date of the decision. (Tr. 30, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On January 22, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 11, 2015. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 12, Pg. 7-13.  Specifically, Plaintiff claims the ALJ erred (1) in failing to fully develop the record and (2) in failing to perform a proper *Polaski* analysis. *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 13.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Further, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985) (*quoting Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

The ALJ concluded Plaintiff had severe physical and mental impairments; however, he determined the severe impairments did not render Plaintiff disabled. Plaintiff suffered a heart attack and on September 7, 2010 underwent a left cardiac catheritization and quadruple bypass surgery. (Tr. 258-259). During Plaintiff's administrative hearing, his counsel requested the ALJ obtain a cardiology consultative examination so Plaintiff's RFC could be accurately determined. (Tr. 81-82). The ALJ ordered a post hearing consultative examination which was performed by Dr. Ben Johnson on July 9, 2003. (Tr. 529-532).

In his report, Dr. Johnson indicated the Plaintiff has not had a stress test, and in view of his chest pain, in spite of beta blocker therapy, his stress test would probably be diagnostic if ischemia is present. (Tr. 530). Dr. Johnson also stated Plaintiff has not had an echocardiogram, and he had no report of left ventricular function evaluated by angiography. *Id.*

This Court agrees with Plaintiff's contention that additional diagnostic testing is needed to determine the extent of Plaintiff's impairments. Dr. Johnson seems to suggest additional testing would be helpful and he provided no opinions regarding the effect Plaintiff's coronary artery disease had on his RFC. Further, the ALJ could not interpret all the medical contained in the record and stated it was difficult to make out Dr. Patel's progress notes, other than certain blood pressure readings, and a couple other items. (Tr. 82).

As a result of these findings, this Court finds the ALJ failed to properly develop the record. On remand, further development of these issues discussed above is needed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **1st day of October 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE